## MAGGIE MOORE v. THE STATE.

No. 3051.    Decided June 14, 1905.

**1.—Assault to Murder—Argument—Reply to Defendant's Attorney.**

Where on a trial for assault to murder, the district attorney in his closing argument said: "Gentlemen of the jury, the defendant's attorney did not dare to put defendant's character in issue," which language was used in reply to that of defendant's attorney, who said, that defendant was a good woman and did not use bad language like the prosecutrix, there was no error.

**2.—Same—Date of Offense—Return of Indictment.**

Where the indictment alleged the assault occurred on the 13th day of September, 1904, and it was presented by the grand jury and filed November 3, 1904, and the proof showed that the assault was made on the 13th day of November, 1904, and that it occurred some time in November, 1904, and that therefore it occurred some ten days after the indictment was returned by the grand jury, the cause must be remanded, as the proof showed that the assault was committed prior to the presentment of the indictment.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Russell & Peareson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and her punishment assessed at confinement in the penitentiary for a term of two years.

There is but one bill of exceptions, which relates to the following: The district attorney in his closing argument said: "Gentlemen of the jury, defendant's attorney did not dare put defendant's character in issue." To which language defendant then and there objected, and asked the court to instruct the jury not to consider the same; and the court refused to so instruct the jury, and defendant excepted. The court explains this by bill saying, "the above language of the district attorney was made in reply to one of the attorneys for defendant, who said that defendant was a good woman, and did not use bad language like the prosecutrix." The explanation of the court disposes of any supposed error in the statement of which appellant could complain.

The evidence is sufficient to support the verdict of the jury; and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 23, 1905.

BROOKS, JUDGE.—The judgment was affirmed, and is now before us on rehearing. Appellant in his motion calls our attention to the fact that the indictment alleges the assault occurred on the 13th day of September, 1904, and that it was presented by the grand jury and filed on November 3rd, 1904. Prosecutrix Francis Jones, in her testimony states, "She (defendant) shot me with a pistol on the 13th day of November, 1904." And also states, "This occurred in Fort Bend County, Texas, sometime in November, 1904." This is the only witness in the statement of facts showing when the assault occurred. So it appears from the evidence that the assault occurred some ten days after the

indictment was returned by the grand jury. It must be proved that the offense was committed prior to the presentment of the indictment. Clements v. State, 2 S. W. Rep., 379, citing Code Crim. Proc., art. 420. The motion for rehearing is accordingly granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*