### Will Miller v. The State.

No. 4536. Decided January 20, 1909.

#### Unlawfully Selling Intoxicating Liquors—Information—Date of Offense.

Where upon trial for selling intoxicating liquors on Sunday, the information alleged that the defendant anterior to the filing of the complaint and information etc., unlawfully sold intoxicating liquors etc., the same sufficiently alleged that the sale occurred before the making and filing of the pleadings.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of unlawfully selling intoxicating liquors; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of vio-

lating the Baskin-McGregor law, and his punishment assessed at a fine of $25.

The fact that the record is before us without a statement of facts or bill of exceptions renders it unnecessary to discuss the grounds of the motion for a new trial.

Appellant suggests, however, that the information is not sufficient, in that it does not charge the offense to have been committed anterior to the making and filing of the affidavit and information. After alleging the fact that appellant was engaged in the business of a retail liquor dealer, it is further averred that "therein and therefrom his place of business there situate, anterior to the filing of this affidavit, between the hours of twelve o'clock midnight of Saturday, August 22, 1908, and before five o'clock a. m. of the following Monday, August 24, 1908, unlawfully sell and barter five bottles of whisky to one J. E. Edwards." The information follows the complaint.

The particular point of attack on the information and complaint is, that it fails to allege that the sale occurred before the making and filing of the pleadings. The allegation is express, that the sale occurred "anterior" to the filing of the pleadings, and between the hours of 12 o'clock midnight of Saturday and 5 o'clock the following Monday morning. We are of opinion that it is sufficiently stated that the offense occurred prior to the making of the pleading. This question has been definitely settled in the case of Wilson v. State, 15 Texas Crim. App., 150. In that case the pleadings were filed on the 31st day of August, 1883, and alleged that "heretofore" on the 31st day of August, 1883, the offense was committed. This was held a sufficient allegation that the offense was committed "anterior" to the presentment of the information. In the case of Williams v. State, 12 Texas Crim. App., 226, the offense was alleged to have been committed on the same day that the information was presented and without any allegation that the offense was anterior to the filing of the information, but in the Wilson case the court held that the word "heretofore" as used in the information was equivalent to a direct allegation that the offense was committed anterior to the time of presenting the information. The complaint and information in the case in hand directly allege that the offense was committed anterior to the making and filing of the complaint and information. See also Williams v. State, 17 Texas Crim. App., 521. We are of opinion therefore, that there is no merit in this contention of appellant.

The judgment is affirmed.

*Affirmed.*