ELBERT ARCHIE v. THE STATE.

No. 6606.   Decided February 1, 1922.

1.—Murder—Date of Offense—Filing of Indictment—Date of Filing—Indict-
ment.

The law does not require that the indictment in terms state that the
offense was committed anterior to the filing of the indictment, but the requi-
site is met where the date averred is the time anterior to that upon which
the indictment is brought into court and presented. Following Miller v.
State, 55 Texas Crim. Rep., 174, and other cases. Distinguishing Williams v.
State, 12 Texas Crim. App., 226, and other cases.

2.—Same—Sufficiency of the Evidence—Corpus Delicti.

Where, upon trial of murder and a conviction of manslaughter, the *cor-
pus delicti* was fully established and the evidence was sufficient to support the
conviction, there was no reversible error.

Appeal from the Criminal District Court of Dallas.   Tried below
before the Honorable Robt. B. Seay.

Appeal from a conviction of manslaughter; penalty, two years im-
prisonment in the penitentiary.

The opinion states the case.

*Bailey, Nickels & Bailey,* for appellant.—On question of filing in-
dictment, and date of offense:  Joel v. State, 28 Texas, 643; Goddard
v. State, 14 Texas Crim. App., 566, and cases stated in opinion.

On question of insufficiency of the evidence:  Lovelady v. State,
14 Texas Crim. App., 545; Kudgadt v. State, 44 S. W. Rep., 996.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Under an indictment for murder,
appellant was convicted of manslaughter; punishment fixed at confine-
ment in the penitentiary for a period of two years.

It is stated in the caption that the indictment is presented in the
court named at the April term, 1921, and the date of the offense is laid
at the fifteenth day of April of that year.

The point is made that it does not appear that the offense was com-
mitted anterior to the presentment of the indictment.  The term began
on the 4th day of April and ended on the 2nd day of July.  The file
mark indicates that the date of filing was May 23, 1921.  The order of
the court appears in the record in these terms:

"On this, the 23d day of May, 1921, came the grand jury for the
body of the County of Dallas.  A quorum being present, and in open
Court presented, and delivered to the Judge of the Criminal District
Court of Dallas County, Texas, the following bills of indictments,
endorsed 'A TRUE BILL,' and signed by their foreman, . . . to-
wit:

The statute defining the requisites of an indictment is Article 451 of the Code of Crim. Procedure. In subdivision 6, it is said:

"The time mentioned must be some date anterior to the presentment of the indictment."

We do not understand the law to require that the indictment, in terms, state that the offense was committed "anterior" to the filing of the indictment, but that the requisite is met where the date averred is a time anterior to that upon which the indictment is brought into court and presented. Fields v. State, 151 S. W. Rep., 1051; White v. State, 86 Texas Crim. Rep., 420, 217 S. W. Rep., 389; Dixon v. State, 86 Texas Crim. Rep., 406 Bishop's New Crim. Proc., vol. 1, sec. 391; Miller v. State, 55 Texas Crim. Rep., 174. We think this conclusion is not opposed to the rule announced and the cases relied upon by appellant, namely, Williams v. State, 12 Texas Crim. App., 226; Joel v. State, 28 Texas Crim. App., 643; Nelson v. State, 1 Texas Crim. App., 556; Blake v. State, 3 Texas Crim. App., 149; Goddard v. State, 14 Texas Crim. App., 566; Clement v. State, 2 S. W. Rep., 379. In these cases, the date of the alleged offense as averred in the indictment, was either upon the day that the indictment was presented, at a date subsequent thereto, or upon an impossible date. Those naming a subsequent or impossible date are obviously not in compliance with the statute, and those in which the date of the offense named is the same as that on which the indictment is presented, it is impossible to determine from the pleading and order the relative time of the offense and the indictment. The law does not require that the indictment state the date of its presentation. That may be ascertained from the entry upon the minutes of the court in accord with Article 446, which says:

"The fact of a presentment of indictment in open court by a grand jury shall be entered upon the minutes of the proceeding of the court, noting briefly the style of the criminal action and the file number of the indictment, but omitting the name of the defendant, unless he is in custody or under bond."

See Vernon's Texas Crim. Statutes, vol. 2, p. 189; Fields v. State, 151 S. W. Rep., 1051. Nor does the law, as we conceive it, sustain the view that the description of the indictment in the instant case: "STATE OF TEXAS versus ————————MURDER, No. 2373" is inadequate to identify the indictment in question, which charged the offense of murder and bore the number coinc'ding with that in the order mentioned. From this order it is made apparent that the indictment was presented in court on the 23rd day of May, 1921, a time which was subsequent to that upon which the offense was laid. The statute makes it imperative that the indictment state the time of the offense, and that the time stated be anterior to that upon which the indictment was presented. In the instant case, it is manifest that this essential thing has been done.

The sufficiency of the evidence is challenged upon the proposition that the *corpus delicti* was not established. A witness describing the incidents of the homicide said that at the time the deceased was killed, he was driving a team; that he heard the report of a gun, saw the smoke of a gun and saw the deceased fall. The mother of the deceased testified in these words:

"Nelson West is dead and he died on the 15th day of April, 1921. The cause of his death was a gunshot wound. He was shot on the 15th day of April, 1921. He was shot right there—it went in right there on one side and came out on the other. . . . After he was shot, we brought him here that evening. He died here in the city hospital the same day he was shot."

Appellant testified that he shot the deceased and detailed facts supporting the theory of self-defense. The court, in his charge, predicated the right of the jury to convict upon their finding that the appellant shot and killed the deceased.

We regard the evidence that the deceased died from the wounds inflicted by the appellant sufficient to support the finding of the jury to that effect.

No errors appearing, the judgment is affirmed.

*Affirmed.*