## JIM MEADOWS v. THE STATE.

No. 20272. Delivered May 17, 1939.

The opinion states the case.

*Aubrey Davee,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is transporting whisky in a dry area; the punishment, a fine of $500.

The count in the complaint under which appellant was convicted charges, in part, as follows: "On or about the 15th day of January, A. D. 1938, Jim Meadows did then and there unlawfully transport an alcoholic beverage to wit, whisky." The complaint was sworn to and subscribed by A. P. Mercer on the 15th day of January, 1938, and filed on the same day. It embraces no language showing that if the offense was committed on the 15th day of January, as alleged, it occured prior to making the complaint. In giving effect to the announcement of the decisions, we are constrained to hold that the complaint is not sufficient to charge that the offense was committed before said complaint was made. We quote the language of Judge Davidson in Martin v. State, 162 S. W. 1145, as follows: "The complaint is attacked because it is not sufficient to charge that the offense was committed before making the complaint. It alleges the offense was committed on the 14th of June. The affidavit is made on the 14th day of June. We are of opinion that the attack on the complaint is well taken. It ought to have specifically alleged that, if the offense was committed on the 14th of June, it occurred prior to making the complaint." See also Williams v. State, 12 Tex. Cr. R. 226; Andrews v. State, 14 S. W. 1014; Kennedy v. State, 3 S. W. 480.

It is observed that the counts of the complaint and information under which appellant was convicted fail to charge that McCulloch County was a dry area. It is true that there are sufficient allegations in the first count to show the dry status of the county. Under the circumstances, we leave undecided the question whether the first count can be looked to in aid of the second count. However, it is suggested that if another complaint and information are filed it would be proper to set forth therein suffcient averments relative to the dry status of McCulloch County.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.