ALVINO FLORES V. THE STATE.

No. 21876. Delivered February 18, 1942.

The opinion states the case.

*Pichinson & Alsup* and *Leo N. Duran,* all of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was found guilty of murder with malice, and given a term of eight years in the penitentiary.

The facts show that the deceased and Simona Delgado bore the relation of common law spouses to each other, and that the woman Simona was pregnant by the deceased. Simona was not living with the deceased Concepscion Gonzalez, but was staying at the home of Genoveva Tellez, her half sister. On the evening of the day of the homicide the deceased came to the Tellez home, where he found the appellant and a friend. Upon Gonzalez entering the home the Tellez woman endeavored to push Gonzalez out of the house, he not being welcome there, at which time a scuffle ensued, and the Tellez woman was knocked down, and appellant then entered the difficulty, and with his knife, an East Dallas Special, cut the deceased, there being ten wounds on the body and head of Gonzalez, and from which wounds he there died.

In the beginning of appellant's brief he assails the indictment as being fundamentally defective because nowhere in the same is it shown that the charged offense took place anterior to the presentment of the indictment. It is observed that this indictment was returned at "the Special March Term" A. D. 1941, alleging that on or about the 1st day of March, 1941, the offense was committed. It is further observed, however, that such indictment was filed on April 1, 1941, by the district clerk. Capias issued the same day and served by the sheriff on the succeeding day, April 2, 1941.

It is nowhere in said indictment alleged that the offense charged was "anterior" to the presentment of the indictment.

There was no motion made to quash the indictment, but appellant contends that the failure of the indictment to evidence upon its face that the offense was committed anterior to its presentment is a fundamental error and need not be called to the court's attention at the trial. He cites as an authority in point the case of Meadows v. State, 128 S. W. (2d) 414. That case was a misdemeanor, and the complaint set forth that the offense was committed on January 15, 1938, and was sworn to and subscribed on January 15, 1938. It will thus be noticed that it was there affirmatively shown that the complaint was made and filed on the same day that it was alleged the offense was committed. Not so, however, in the present case. Instead it is affirmatively shown that this offense, although alleged to have been committed on March 1, 1941, the indictment therefor was not presented nor filed until April 1, 1941. The filing of an indictment, unless some error is shown,

is evidence of its presentment by a grand jury, and unless thus presented no filing should be shown thereon. It would require quite a stretch of imagination upon our part to say that on March 1, 1941, which the calendar shows to be Saturday, the district judge convened a special session of his court, and that the grand jury on that day returned an indictment for an offense that had not happened, and did not happen until the night of such day; and this is especially so in view of the fact that the regular term of this district court before which this trial was had convened on April 28, 1941. We do not think the failure to allege in the indictment that this offense happened anterior to the return of the indictment is of such a fundamental nature as not to require such to be called to the trial court's attention in some proper way in the court below. See Archie v. State, 237 S. W. 257, relative to when an indictment is presented.

Bill of exceptions No. 1 complains of the introduction in evidence of a written confession signed by the appellant, which purports to be taken by Cecil E. Burney, assistant district attorney, and which appears to recite the giving of a proper warning. The assistant district attorney recites in his testimony that appellant's first story relative to this occurrence was in such conflict with the testimony of the other witnesses that he knew that the same was probably not true; he therefore called into the office where appellant was sitting one of appellant's friends, and this person told appellant that the other witnesses had told the truth about the matter; that appellant then changed his story, and his changed statement was taken down in writing and introduced in evidence over appellant's objection. The said attorney stated that before reducing this statement to writing he gave the statutory warning to appellant in English, and Mr. Keown, who understood the Spanish language, also gave the warning to appellant in the Spanish language. The witness Keown also testified that "before the defendant made a statement I explained to him that he did not have to make any statement, but if he did make it, it could be used in his case."

In the proceedings relative to bill No. 1, witness Keown denied having given any warning to appellant at the time of the taking of the statement. The trial court evidently admitted such written statement upon the ground of a previous conversation had between witness Keown and appellant wherein appellant had told the witness that he thought he had killed a man, and took the witness to where the dead man was, and

also showed him where the knife and its detached blade was with which he had committed the homicide, which knife and blade were there found by the witness. Undoubtedly all of this first conversation between appellant and witness Keown was thus rendered admissible,—see Art. 727, C. C. P.,—but the finding of the body and knife by means of this oral statement would not render a further and different written statement admissible on account of the finding of this instrument of death located by the means of the oral statement made at another and different time. The written statement will have to stand or fall by itself.

We then find the assistant district attorney who said he understood the Spanish language fairly well, and who testified that Keown, the interpreter, gave a proper warning in Spanish, after the attorney had given such in English, and the statement of Keown that he had warned appellant as above quoted herein, and, as opposed thereto, his statement later on that he had not thus warned appellant; and we are also at such period in the testimony confronted with the trial court's idea that the giving of such warning was of no consequence because of the finding of the weapon with which the offense was committed. Although Keown contradicted his own testimony, we find no contradiction of Mr. Burney's testimony affirming the giving of such warning by Keown, and this matter therefore became a disputed fact as to whether the written confession had been preceded by the proper warning being given to appellant in a language understood by him.

The oral statement being accompanied by certain statements that conduced to establish appellant's guilt, would admit that which appellant had said relative to the offense in such oral statement, but the finding of the knife and body could not lend admissibility to the written statement made thereafterwards. It would have been admissible without such circumstances as the finding of the weapon, etc., provided same was voluntarily made after he had been warned as provided for in Art. 727, C. C. P.

Under the peculiar circumstances set forth in this bill, we do not think the trial court should have unqualifiedly admitted this written confession in evidence. With the contradictory statements of the two State's witnesses, it would not have been amiss for the trial court to have submitted the question of the giving of the proper warning to the jury, and instructing them

not to consider same unless they believed beyond a reasonable doubt that appellant had been given a proper warning in a language understood by him.

There are two further bills relative to the argument and conduct of the assistant district attorney, which will probably not occur in the event of another trial.

For the error in the admission of the written statement of appellant without having proven a proper warning to have been given, this judgment is reversed and the cause remanded.