**Robert Earl SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40311.**

Court of Criminal Appeals of Texas.

May 10, 1967.

Rehearing Denied July 12, 1967.

Hollis Cordray, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft of an automobile; the punishment 3 years.

The indictment was returned and filed March 28, 1966. The theft was alleged to have occurred on or about the 19th day of February, A.D. 1966.

Further allegation that the offense was committed anterior to the presentment of the indictment was not necessary. Archie v. State, 91 Tex.Cr.R. 13, 237 S.W. 257; Busby v. State, 143 Tex.Cr.R. 72, 157 S.W. 2d 394; Flores v. State, 143 Tex.Cr.R. 382, 158 S.W.2d 1012; Mason v. State, 160 Tex. Cr.R. 501, 272 S.W.2d 527; Flores v. State, 167 Tex.Cr.R. 91, 318 S.W.2d 663.

Represented by counsel of his choice, appellant waived a jury and pleaded guilty before the court.

A "Stipulation of Evidence" sworn to by appellant and approved by his counsel and

by the court was filed which included appellant's judicial confession:

"On the 19th day of February, 1966, in Harris County, Texas, I did fraudulently take and steal one automobile of the value of over fifty dollars, which was the personal property of Frank Joubert, and I took the same from his possession, without his consent, and with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit."

In the written stipulations appellant also waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence.

The transcript of the court reporter contains the testimony of the owner of the automobile and the arresting officers showing the guilt of appellant, which testimony such witnesses would have given had they been sworn and testified. It also contains the stipulation by appellant, his counsel and counsel for the state that such testimony would have been so given and was true.

■ Appellant contends that under the provisions of Art. 1.15 C.C.P. it is essential that all evidence, written statements or affidavits, or any other documentary evidence used to form the basis of the conviction, must appear in the record. He points to the absence of any affidavits or written statement of the witnesses whose testimony was stipulated.

The consent of appellant in writing in open court to waive the appearance, confrontation and cross-examination of the witnesses complied with the requirements of Art. 1.15 C.C.P. We do not construe such statute to require that the state produce a prior statement or affidavit of every witness whose testimony is stipulated.

The stipulated evidence was "filed in the papers of the cause" in the transcript of the court reporter's notes which forms a part of the record on appeal.

The judgment is affirmed.

MORRISON, Judge (concurring in part and dissenting in part).

Judge Onion and the writer concur in the affirmance of this conviction because appellant's judicial confession standing alone is sufficient. Alvarez v. State, Tex.Cr. App., 374 S.W.2d 890.

We cannot agree with the majority opinion that the oral stipulations in open court and reflected only by the untranscribed notes of the court reporter at the time of the entry of the judgment satisfy the requirements of Article 1.15, V.A.C.C.P. as to stipulated evidence. Article 1.15, supra, reads as follows:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital the defendant, upon entering a plea, has in open court in person waived his right of a trial by jury in writing; provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony *by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.* Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

It will be seen from the above that the majority has clearly ignored the mandatory provisions of the statute. The fact that the court reporter's notes may be transcribed some time after the entry of judgment and sentence because notice of appeal is given and the request for their inclusion in the record is made does not comply with the above quoted statute. Compliance with this Article should not depend upon some subsequent event which might cause the court reporter's notes, if still available, to be transcribed and filed.