TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00317-CR







Roxanne Gibson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY


NO. 2C98-2149, HONORABLE GERALD M. BROWN, JUDGE PRESIDING







 Appellant Roxanne Gibson appeals from her conviction of the offense of assault
causing bodily injury. See Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2000). The trial
court assessed appellant's punishment at confinement in the county jail for 365 days and a fine of
$100. On appeal, appellant asserts that the evidence is insufficient to support the verdict and that
the trial court erred at the punishment phase of trial in considering extraneous offenses not
established beyond a reasonable doubt.

 In her first point of error, appellant's specific complaint is that the State failed to
prove the allegation that the offense was committed anterior to the filing of the information. This
contention was not raised in the trial court.

 One of the requisites of an information is "[t]hat the time mentioned be some date
anterior to the filing of the information, and that the offense does not appear to be barred by
limitation." Tex. Code Crim. Proc. Ann. art. 21.21(b) (West 1989). It was alleged that the
offense was committed "on or about the 2nd day of March, 1998, A.D., and anterior to the filing
of this information."

 It is unnecessary to allege that the offense was committed anterior to the filing of
an information or the presentment of an indictment. See Rincon v. State, 615 S.W.2d 746, 747
(Tex. Crim. App. 1981); Smith v. State, 416 S.W.2d 425, 425 (Tex. Crim. App. 1967); Mason
v. State, 272 S.W.2d 527, 529 (Tex. Crim. App. 1954). However, if an information is filed on
the same day that it is alleged the offense was committed, it is necessary to allege that the offense
was committed before the information was filed. See Cockrell v. State, 227 S.W.2d 216, 216
(Tex. Crim. App. 1950); Martini v. State, 205 S.W.2d 988, 989 (Tex. Crim. App. 1947).

 Appellant concedes that in this case it was unnecessary to allege that the offense
was committed anterior to the filing of the information. Nevertheless she argues that the
allegation is descriptive of the offense and the State having made the allegation must prove it
beyond a reasonable doubt. Appellant relies on the exception to the rule stated in Burrell v. State,
526 S.W.2d 799, 802 (Tex. Crim. App. 1975). "When not descriptive of that which is legally
essential to the validity of an indictment or information, unnecessary words may be rejected as
surplusage." Burrell, 526 S.W.2d at 802 (quoting Cohen v. State, 479 S.W.2d 950 (Tex. Crim.
App. 1972)). However, "where the unnecessary matter is descriptive of that which is legally
essential to charge a crime, it must be proven as alleged, even though needlessly stated." Id. at
802.

 The elements of the offense of assault with bodily injury are: (1) a person,
(2) intentionally, knowingly, or recklessly, (3) caused bodily injury to another. See Tex. Penal
Code Ann. § 27.01(a)(1). The allegation that the offense was committed anterior to the filing of
the information was not descriptive of an element of the offense, and was not descriptive of that
which was legally essential to the validity of the information; it may be disregarded as surplusage. 
The record shows that the offense was committed on March 2, 1998, the day alleged, and the
record also shows that the information was filed on April 28, 1998. Appellant's first point of
error is overruled.

 In her second point of error, appellant complains that the trial court erred during
the punishment phase of the trial in considering extraneous acts which were not established beyond
a reasonable doubt. Appellant's complaint relates to the trial court's consideration of a
presentence investigation report which at the court's request was furnished to the court pursuant
to the provisions of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art.
42.12, § 9 (West Supp. 2000).

 The presentence report listed several prior convictions. Appellant argues that there
was "certainly danger that the trial court's decision was based upon evidence improperly before
the Court." The record shows the presentence investigation report was properly before the court. 
See Garcia v. State, 930 S.W.2d 620, 623-24 (Tex. App.--Tyler 1996, no pet.). Moreover,
appellant's point of error was not properly preserved for appellate review. In order to preserve
a matter for appellate review, there must be a timely specific objection. See Tex. R. App. P.
33.1; Tex. R. Evid. 103; Johnson v. State, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994).

 When the trial court convened the hearing on punishment and sentencing, the State
and appellant announced ready. Both the prosecutor and defense counsel told the court that they
had read the presentence investigation report. Neither the prosecutor nor the defense counsel
called witnesses. The State offered in evidence the presentence investigation report prepared by
the Bell County Community Supervision and Corrections Department. It was admitted in
evidence by the court without objection, and the State rested. The defense offered a "character
letter" in evidence. The trial court overruled the State's objection and admitted the letter offered
by the defense. The letter was in support of appellant's application for community supervision. 
Defense counsel then stated, "We're going to just rely on the information that's included in the
presentence investigation," and called the court's attention to specific portions of the report. The
trial court then asked the defense if there were any corrections or additions to the report. Defense
counsel asked to confer with his client and then made a belated objection.


[Defense Counsel]: Your Honor, just for the record, I'm going to lodge an
objection on the PSI with regard to the criminal record
section. Mrs. Gibson disputes some of the -- some of the
listings on the criminal record. I think the PSI specifically
points out six prior misdemeanor convictions.


 Mrs. Gibson is disputing that claim. Just for the record I'm
going to lodge an objection to the PSI.


THE COURT: Overruled.



 The criminal history section of the presentence investigation report lists six
misdemeanor convictions in Bell County between April 24, 1992 and July 29, 1997, three of
which were for assault with bodily injury. The cause number, date of conviction, and the
punishment assessed for each of the six convictions were stated. Appellant did not make a specific
objection to any of the six convictions.

 The complaint made on appeal was not preserved for review in the trial court. 
Furthermore, it appears the report was made pursuant to the provisions of the Code of Criminal
Procedure and was properly considered by the court. Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Affirmed

Filed: March 2, 2000

Do Not Publish









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



n. art.
42.12, § 9 (West Supp. 2000).

 The presentence report listed several prior convictions. Appellant argues that there
was "certainly danger that the trial court's decision was based upon evidence improperly before
the Court." The record shows the presentence investigation report was properly before the court. 
See Garcia v. State, 930 S.W.2d 620, 623-24 (Tex. App.--Tyler 1996, no pet.). Moreover,
appellant's point of error was not properly preserved for appellate review. In order to preserve
a matter for appellate review, there must be a timely specific objection. See Tex. R. App. P.
33.1; Tex. R. Evid. 103; Johnson v. State, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994).

 When the trial court convened the hearing on punishment and sentencing, the State
and appellant announced ready. Both the prosecutor and defense counsel told the court that they
had read the presentence investigation report. Neither the prosecutor nor the defense counsel
called witnesses. The State offered in evidence the presentence investigation report prepared by
the Bell County Community Supervision and Corrections Department. It was admitted in
evidence by the court without objection, and the State rested. The defense offered a "character
letter" in evidence. The trial court overruled the State's objection and admitted the letter offered
by the defense. The letter was in support of appellant's application for community supervision. 
Defense counsel then stated, "We're going to just rely on the information that's included in the
presentence investigation," and called the court's attention to specific portions of the report. The
trial court then asked the defense if there were any corrections or additions to the report. Defense
counsel asked to confer with his client and then made a belated objection.


[Defense Counsel]: Your Honor, just for the record, I'm going to lodge an
objection on the PSI with regard to the criminal record
section. Mrs. Gibson disputes some of the -- some of the
listings on the criminal record. I think the PSI specifically
points out six prior misdemeanor convictions.


 Mrs. Gibson is disputing that claim. Just for the record I'm
going to lodge an objection to the PSI.


THE COURT: Overruled.



 The criminal history section of the presentence investigation report lists six
misdemeanor convictions in Bell County between April 24, 1992 and July 29, 1997, three of
which were for assault with bodily injury. The cause number, date of conviction, and the
punishment assessed for each of the six convictions were stated. Appellant did not make a specific
objection to any of the six convictions.

 The complaint made on appeal was not preserved for review in the trial court. 
Furthermore, it appears the report was made pursuant to the provisions of the Code of Criminal
Procedure and was properly considered by the court. Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*