

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00126-CR
_____

**DUSTIN MERLE WHALEY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 70,323-A; Honorable Dan Schaap, Presiding

July 24, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to an open plea of guilty, Appellant, Dustin Merle Whaley, was convicted of evading arrest with a vehicle, a third degree felony.[1] Punishment was assessed by the trial court at six years confinement and a $500 fine. By two issues, Appellant (1) questions

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2017).

the procedure for presentment of an indictment and whether the trial court had jurisdiction where an indictment was merely "filed" and (2) posits that if the procedure followed is accepted as proper presentment, he was denied his rights under the Equal Protection Clause of the United States Constitution. He seeks dismissal of the underlying indictment. We affirm.

BACKGROUND

Appellant was indicted for evading arrest with a vehicle. Pursuant to an open plea of guilty, he was convicted of the offense. He does not challenge the sufficiency of the evidence to support his conviction. His issues relate to *presentment* of the indictment and concomitantly, the trial court's jurisdiction over the case.

APPLICABLE LAW

"An indictment is 'presented' when it has been duly acted upon by the grand jury and received by the court." TEX. CODE CRIM. PROC. ANN. art. 12.06 (West 2015). "When the indictment is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court. At least nine members of the grand jury must be present on such occasion." Art. 20.21. The fact of a presentation of an indictment shall be entered in the "record of the court." Art. 20.22.

ISSUE ONE—PRESENTMENT OF AN INDICTMENT

At the commencement of the hearing on Appellant's open plea of guilty, the trial court announced, "it appears the Grand Jury of Potter County has returned an indictment against you alleging a felony offense of evading arrest or detention with a vehicle."

2

Appellant acknowledged the trial court's announcement without making any objections and the trial court proceeded with the customary admonishments.

Appellant concedes that the indictment complied with articles 12.06 and 20.21 of the Code. His issue is whether the trial court had jurisdiction over the case when the record only reflects *filing* of the indictment and not direct evidence of *presentment*.[2] According to his brief, despite his request that the appellate record include the trial court's docket sheet, no docket sheet or other documents indicating presentment appear in the trial court clerk's file. The State responds that "[a]fter an exhaustive search, it has been determined that the Orders of Court/Docket Sheet has gone missing for this case after the record was checked out for the inmate withdrawal of funds order."

Article V, section 12(b) of the Texas Constitution vests the trial court with jurisdiction over a case when an indictment is presented to the court by a grand jury. TEX. CONST. art. V, § 12(b). In *Casey v. State*, 414 S.W.2d 657, 658 (Tex. Crim. App. 1967), the Court found that the language "presentment of this indictment" contained in the indictment satisfied the presentment requirement. In *State v. Dotson*, 224 S.W.3d 199, 204 (Tex. Crim. App. 2007), the Court concluded that "an original file stamp of the district clerk's office is strong evidence that a returned indictment was 'presented' to the court clerk within the meaning of Article 20.21."

The indictment in this case alleges that "on or about the 6th day of March 2016, and before the *presentment of this indictment*," Appellant intentionally fled from a peace

---

[2] Appellant concedes that to challenge the indictment as being improper would most likely result in wavier. Instead, he challenges the trial court's jurisdiction which may be raised for the first time on appeal.

3

officer while using a vehicle. The indictment is signed by the foreperson and is file-stamped "CAROLINE WOODBURN, DISTRICT CLERK, POTTER COUNTY, TEXAS" dated "MAY 20, 2015 AM 11:54." The indictment also bears the initials of a deputy clerk. Article 20.21 provides the disjunctive conjunction "or" in requiring delivery of the indictment to the judge or clerk of the court. On its face, the indictment was presented in compliance with article 20.21.

Disagreeing, Appellant, relies on *Flores v. State*, 143 Tex. Crim. 382, 158 S.W.2d 1012 (Tex. Crim. App. 1942), and argues that "*filing* does not equate to *presentment.*" In *Flores*, the indictment failed to allege that the offense charged was committed "anterior" to its presentment—an error Flores claimed was fundamental. The Court observed that the indictment showed the offense was committed on March 1, 1941, and the indictment was presented on April 1, 1941—affirmatively showing the offense was "anterior" to presentment.[3] The Court found that "[t]he filing of an indictment, unless some error is shown, is evidence of its presentment by a grand jury, and unless thus presented no filing should be shown." *Id.* at 1013.

Here, Appellant concedes the indictment complies with articles 12.06 and 20.21 of the Code. No error being reflected in the indictment, its filing was strong evidence of presentment under *Dotson*, 224 S.W.3d at 204.

Article 20.22 of the Code requires the fact of a presentment to be entered upon the record of the court. The statutory purpose behind article 20.22 is to "ensure that persons

---

[3] Flores had relied on *Meadows v. State*, 137 Tex. Crim. 91, 128 S.W.2d 414 (1939), in which the complaint was made and filed on the same day that it was alleged the offense was committed—an erroneous complaint because the date of the offense must be anterior to presentment of the indictment. *See Flores*, 158 S.W.2d at 1012-13.

4

are tried only under true bills." *See Crenshaw v. State*, No. 13-00-692-CR, 2002 Tex. App. LEXIS 3770, at *11 (Tex. App.—Corpus Christi May 23, 2002, pet. ref'd) (mem. op., not designated for publication) (citing *Reese v. State*, 142 Tex. Crim. 254, 151 S.W.2d 828 (Tex. Crim. App. 1941)); *Hawkins v. State*, 792 S.W.2d 491, 493-94 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Without a complaint from a defendant that he was not tried under a true bill, only a technical violation of article 20.22 occurs and such a violation has been held to be "merely directory despite the use of" mandatory wordage. *Jenkins v. State*, 468 S.W.2d 432, 435 (Tex. Crim. App. 1971) (finding mandatory language in article 20.20 (preparation of an indictment) to be directory and not mandatory).

In this case, the missing docket sheet merely prevents us from knowing if the trial court recorded presentment of the indictment in its internal docket sheet. It does not establish a lack of presentment, nor does it establish whether the presentment was entered into the "record of the court" maintained by the trial court clerk. Appellant does not dispute that the grand jury voted to true bill him, nor does he dispute whether the trial court clerk maintained a record of the official filings in his case. Having found strong evidence of presentment when the indictment was delivered to the Potter County District Clerk and duly file-marked, the lack of supporting documentation in the trial court's records is rendered harmless as the language in article 20.22 has been found to be directory and not mandatory. Issue one is overruled.

ISSUE TWO—DENIAL OF EQUAL PROTECTION

The Fourteenth Amendment to the United States Constitution affords any person equal protection of the laws. U.S. CONST. XIV. Appellant concedes he faces an "uphill climb" in prevailing on his equal protection argument. He analogizes presentment of an

5

indictment to presentment of a motion for new trial and argues that the disparity with which each is reviewed violates equal protection.

A motion for new trial that is not brought to the attention of the trial court is disfavored on appeal. *See generally Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (holding that presentment of a motion for new trial must give the trial court *actual notice* of a timely-filed motion). Appellant maintains that if presentment requirements are not identically enforced, it is tantamount to a denial of equal protection.

The State counters that Appellant's equal protection argument was not preserved for review. *See Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (finding that alleged violations of a defendant's rights under the Equal Protection Clause must be preserved or be subject to forfeiture on appeal). *See also Helsley v. State*, No. 07-15-00350-CR, 2017 Tex. App. LEXIS 1986, at *3-4 (Tex. App.—Amarillo March 8, 2017, pet. ref'd) (mem. op., not designated for publication). Notwithstanding Appellant's compelling argument, we agree with the State that issue two was not preserved for review.

After briefs were filed in this appeal, this court issued its opinion in *Mayes v. State*, 536 S.W.3d 102, 107 (Tex. App.—Amarillo 2017, pet. ref'd), in which identical issues to those now raised by Appellant were resolved against Mayes. Mayes argued that presentment of his indictment was insufficient to confer jurisdiction without more than mere filing and that he was denied equal protection. Here, as in *Mayes*, we find that verifiable evidence of presentment is not required to satisfy article 20.21. *See id.* at 107-08. *See also Helsley*, 2016 Tex. App. LEXIS 1986, at *1-2. Also, Appellant's failure to object at his plea hearing that he was denied equal protection of the law because of the

6

disparity in the procedures for presentment of a motion for new trial and presentment of an indictment waives his argument. *Id.* at 108. Issue two is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.