## GEORGE DIXON v. THE STATE.

### No. 5609.   Decided December 10, 1919.

**Burglary—Presentment of Indictment—Date of Offense—Rule Stated.**

While it is imperative that the date on which the offense is alleged to have been committed must be at a date anterior to the finding of the indictment, yet this may appear otherwise than by an allegation in the indictment itself, and where it appears from the record that the date of the offense alleged in the indictment was before the indictment was filed, the same is sufficient, and in the absence of a statement of facts the judgment is affirmed.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson, judge.

Appeal from a conviction of burglary; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant, by a sufficient indictment, was charged with the offense of burglary, and on conviction his punishment was fixed at confinement in the penitentiary for a period of ten years.

In the motion for a new trial the sufficiency of the indictment is challenged upon the grounds that it does not contain a specific allegation that the offense was committed anterior to the presentation of the indictment. It does appear, however, that the indictment was filed April 17, 1919; and it is recited in the indictment that the presentation was made at the March term, 1919, and charged that the offense was committed on the eighth day of March, 1919. We understand that it is imperative that the date on which the offense is alleged to have taken place must be at a date anterior to the filing of the indictment, but that this may appear otherwise than by an allegation in the indictment in terms stating that the date of the offense was anterior to the presentation of the indictment. In the instant case it does appear from the indictment that the date of the offense alleged was before the indictment was filed. We regard this as sufficient.

The motion for a new trial raises some questions of fact which are not supported by any proof. We find neither statement of facts nor bill of exceptions accompanying the record, the only question in any sense raised is that to which we have adverted.

The judgment is affirmed.

*Affirmed.*