D. S. SHERWOOD v. THE STATE.

No. 12225. Delivered March 6, 1929.

454

The opinion states the case.

*Fryer & Cunningham* of El Paso, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, three months in the county jail.

There is no dispute in this case of the fact that in the course of a controversy between appellant and one Maitland, who for brevity will be referred to in this opinion as M, appellant shot M with a shot gun and inflicted serious bodily injury upon him. The two men had been partners in an automobile painting shop, and a sharp conflict is presented as to whether M had sold out or still had some control over cars painted in the shop at the time of this trouble. The State prosecuted for assault to murder; appellant claimed a shooting in self-defense.

In his testimony appellant swore that the first thing in the way of a physical encounter between himself and M was when the latter grabbed appellant by the overalls and jerked or yanked him so violently as to tear them from the waist down to the feet. Appellant said that the jerk was so vigorous that M fell on the floor in a puddle of grease and water, from which he jumped up,—grabbed a little bench used in painting auto tops, swung it around his head and said he was going to demolish the whole damn place, and threw the bench. Appellant said, at this juncture, to M that he was going to call the police and started. M followed and when appellant got near the finishing room M said, "G — d d — n you, if you call the police I will kill you," and that when he went on further M said again, "You G — n d — n s — of-a-b, I will kill you," and threw his hand behind him. Appellant said he ran to his gun, and M continuing to advance, appellant fired for the purpose of frightening him, and this

not stopping him he fired twice more at him as quickly as he could. He further said that when the difficulty ended he went at once home, having to hold his overalls together with his hands to hide his naked body. His wife saw the condition of the overalls. On the trial a pair of overalls torn, were produced and identified as those worn by appellant at the time of the difficulty and testified to be in the same condition now as then, after which they were offered in evidence. Their introduction was refused by the court, and this action of the court here is properly complained of. We are of opinion that the learned trial judge was in error in rejecting this testimony. Same was material as supporting and corroborating appellant's contention that M began the difficulty and made the first assault on him. M said he made no assault of any character upon appellant. Mr. Underhill in Sec. 101, 3d. ed. of his work on Criminal Evidence, says: "The introduction in evidence of clothing belonging to a defendant or to a witness, or worn by deceased at the time of his death, is a common occurrence." In Thomas v. State, 45 Texas Crim. Rep. 115, there was a dispute as to whether the mother of deceased was holding him at the time of the homicide, the State claiming that his mother was doing this, appellant claiming that no one held deceased and that the mother of the latter was not even present. She was introduced as a witness and testified that she was holding her son when he was shot, and produced a dress which she said she wore at the time and which had blood spots on it, and which proof was offered by the State in evidence and admitted over objection. This court held the garment admissible and said that its condition was an incident in connection with her testimony and corroborative of her statement. In Trigg v. State, 99 Texas Crim. Rep. 384, we held it proper to introduce a coat whose condition aided in establishing a controverted issue, and it is stated that the fact that other testimony tended to establish the same issue upon which the coat was offered, would make no difference. The books are full of cases holding such testimony admissible. We know of no case holding otherwise. This court has frequently held bloody garments admissible if they afford evidence upon some contested issue, even though there be possibility of their arousing passion. Mr. Branch in Sec. 1855 of his Annotated P. C. collates cases.

The main defensive issue in this case was that of self-defense against an attack both real and threatened on the part of M, of which his catching appellant by his clothes, when same were torn, was the beginning. The overalls were identified, and under the

456

authorities their condition seems to afford corroborative evidence of the testimony of appellant and his wife. The overalls should have been admitted. The remarks of the trial court at the time the overalls were offered, complained of in a separate bill of exceptions, should not have been made. In our opinion the overalls did exemplify something. Art. 707 C. C. P. is plain and forbids any discussion of testimony by the trial court in the presence of the jury, the statute saying that he should simply decide whether or not it is admissible. We have examined the other complaints and are of opinion same show no error.

For the matters mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*