FARENCE JONES V. THE STATE.

No. 15754.   Delivered March 29, 1933.
Appeal Reinstated May 31, 1933.
Rehearing Denied June 23, 1933.
Reported in 61 S. W. (2d) 1003.

The opinion states the case.

G. H. Crane, of Dallas, and L. D. Hartwell, of Greenville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being assessed at three years in the penitentiary.

Our attention is directed to the fact that the transcript fails to show a recognizance which complies with the requirements of article 817, C. C. P. The recognizance entered into by appellant may in fact comply with the article in question, but the transcript contains nothing but the following:

"The State of Texas ⎫ "IN THE DISTRICF COURT OF  
   No. 6929, vs. ⎬ HOPKINS COUNTY, TEXAS.  
Farence Jones ⎭ AUGUST TERM, A. D. 1932.

"On this the 19th day of September, A. D. 1932, defendant's recognizance was taken in open court in the sum of $2500.00 with A. Anderson, J. S. Dewberry and J. W. Simmons as his sureties, all acknowledgments principals and sureties, taken in open court."

At page sixteen of the transcript appears what is designated on the margin as a "sentence." It is in fact the judgment of conviction. It is not shown by the transcript that sentence was ever pronounced against appellant. Article 769, C. C. P., provides that in all felony cases except where the penalty is death "sentence shall be pronounced before the appeal is taken." It has always been held that in cases less than capital sentence was a prerequisite to an appeal. See cases cited under article 769 in Vernon's Ann. Tex. C. C. P., vol. 3, and section 667, page 338, Branch's Ann. Tex. P. C.

For the reasons stated the appeal must be dismissed and it is so ordered.

*Dismissed.*

ON REINSTATEMENT OF APPEAL.

HAWKINS, JUDGE.—On March 29, 1933, the appeal was dismissed, the transcript at that time failing to show any sentence or proper recognizance. A supplemental transcript now before the court shows that sentence was pronounced and a proper recognizance entered into. The appeal is reinstated and the case will now be considered on its merits.

The prosecution was upon an indictment returned by a grand jury organized at the "August Term, 1932" of the dis-

trict court of Hopkins County. The indictment was returned into court and filed August 25, 1932. It was averred in the indictment that "on or about the 13th day of May, A. D. 1932, and *in*terior *to* the presentment of this indictment" appellant had unlawfully possessed intoxicating liquor for the purpose of sale. Appellant filed a motion to quash the indictment, and also a motion in arrest of judgment on the ground that the indictment was fatally defective because it contained the averment that the offense occurred "*in*terior" to the presentment of the indictment instead of "anterior." We regard the point entirely without merit. Regarding the requisites of an indictment, subdivision 6 of article 398, C. C. P., reads: "The time mentioned must be some date anterior to the presentment of the indictment," etc.

In the present indictment the time mentioned as the date of the offense was May 13th, 1932, more than three months before the indictment was presented. Having alleged the time at a date prior to the presentment, it was not necessary that the indictment contain the averment that it was "anterior" to such presentment. It could have been omitted without hurting the indictment in the least. Archie v. State, 91 Texas Crim. Rep. 13, 237 S. W., 257; Dixon v. State, 86 Texas Crim. Rep., 406, 216 S. W., 1097. What has. been said disposes of bill of exception number three.

Appellant briefs the case upon the question heretofore discussed, and upon the further proposition that the evidence did not support the conviction. We find in the record bill of exception number one which complains of the exclusion of certain evidence tendered through the witness Mrs. Wester. The qualification to the bill shows that no error was committed in excluding the proposed testimony. Presumably that is the reason the point is not briefed.

Regarding the sufficiency of the evidence, the record shows that officers with a search warrant went to appellant's house and there found a half gallon fruit jar about four-fifths full of colored corn whisky; also several fruit jars having a little whisky in the bottom of them, the jars having on them dirt or mud indicating they had been buried. Appellant denied having any whisky on the place except part of two pints which he claimed to have obtained on prescription from Dr. Kelly at Dallas for medicinal purposes, one pint for himself and one for his wife. He explained that his wife had put the whisky thus obtained in the half-gallon container in which it was found for the purpose of mixing it with something else—what, he did not

know—which he said the doctor had given his wife. At the trial two bottles—apparently prescription bottles—were produced by appellant, but the officers said they found no such bottles in the search they made. Neither the doctor nor appellant's wife were used as witnesses, and the record shows no effort to have them present.

Sufficient whisky was found to give rise to the presumption from the possession of more than a quart under the provisions of Art. 671, P. C., 1925. The jury declined to accept appellant's explanation that he had the whisky for medicinal purposes. The court properly told them possession for such purpose would not be an offense. We would not be authorized to disturb the verdict under the circumstances.

The jury fixed appellant's punishment at three years in the penitentiary. We observe that in pronouncing sentence the court through inadvertence failed to give effect to the indeterminate sentence law—Art. 775, C. C. P. The sentence will be reformed directing that appellant be imprisoned in the state penitentiary for not less than one nor more than three years.

As thus reformed, the judgment is affirmed.

*Reformed, and, as reformed, affirmed.*