WILLIAM EARL BUSBY *alias* BILLIE BUSBY, *alias* JACK DARLINGTON V. THE STATE.

No. 21770. Delivered November 5, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*Amos Peters* and *W. C. Wofford,* both of Taylor, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Robbery is the offense; the punishment, fifty years' confinement in the State penitentiary.

This is a case of two hitchhikers, one of whom was the appellant, who, after being picked up and given a ride, robbed the man of his automobile. A pistol was used and exhibited in effecting the robbery.

The facts are not in dispute and show a complete case. In the light of the record here presented, a statement of the facts is not deemed called for.

Bill of Exception No. 1 complains of the admission of proof that the automobile taken in the robbery was located in, and returned to, this State, from the State of Indiana, where it had been abandoned. The objection was that same was immaterial and did not tend to prove the allegations of the indictment. The objection was untenable, the rule being that articles shown to have been connected with or a part of the transaction or offense are admissible. 18 Tex. Jur., Sec. 203; Williams v. State, 231 S. W. 110, 89 Tex. Cr. R. 334; Sherwood v. State, 14 S. W. (2d) 1029, 111 Tex. Cr. R. 453.

Bill of Exception No. 2 presents the following: Appellant, about ten days after the robbery, was arrested, in the State of Indiana, and was returned to this State, by the Sheriff of Williamson County, who, while testifying as a witness in behalf of the State, was asked, by State's counsel, "whether or not the defendant, William Earl Busby, in Indiana, waived extradition" from that state; and, before objection could be interposed by the appellant, he answered that appellant did not waive extradition. The appellant's motion to disregard the question and answer was granted and the jury so instructed. Appellant here complains that, nevertheless, reversible error is reflected. In the light of the record before us, it cannot be said reasonably that appellant was prejudiced in the matter.

Appellant complains of the action of the trial court in refusing to give certain requested charges relative to a temporary taking of the automobile. He insists that such defensive issue was raised because the automobile, when found in the State of Indiana, was not in his possession but had been abandoned. Such facts did not raise the issue; but the trial court, out of an abundance of caution, gave other charges submitting such defensive theory.

Appellant's complaint that venue was not shown in Williamson County is untenable because the undisputed testimony of

the injured party shows that the offense did occur in that county.

The injured party having identified appellant as one of the robbers, the case was not one of circumstantial evidence; and the trial court did not err in refusing to so charge the jury.

By motion in arrest of judgment, the appellant attacks the sufficiency of the indictment because of an absence of an allegation that the alleged offense occurred anterior to the presentment of the indictment. The offense was alleged to have occurred on February 12th, 1941, and was presented by the grand jury on February 19th, 1941. This was sufficient. Art. 396, Sec. 6, C. C. P.; Jones v. State, 61 S. W. (2d) 1003, 124 Tex. Cr. R. 355; Dixon v. State, 216 S. W. 1097, 86 Tex. Cr. R. 406.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again urges the proposition that the offense herein charged was not committed in Williamson County but was committed in Travis County. The testimony does not show such. It is therein shown that this appellant and another were riding as hitch-hikers with Mr. Robbins, the complaining witness, in Robbins' car, and while traveling in Williamson County this appellant's companion produced a pistol and ordered Robbins to turn over the car to them. Robbins accordingly got out from under the wheel, at their orders, and turned same over to appellant, who got under the wheel and drove the car, Robbins testifying that he was thus acting because in fear of his life or serious bodily injury. He was positive that this took place in Williamson County, and it is our opinion that by such act the robbery was complete. It is true that the two robbers then turned around and came back into Travis County, but the offense was already a completed one in Williamson County.

A temporary taking is also claimed because of the fact that the witness Robbins said the two men told him they were going

to use his car "to pull a job" and would leave it at Austin for him. Unfortunately for them, they did not do so, but such car was later found in the State of Indiana, where appellant was also found and returned to Texas.

We think this case was properly disposed of in our original opinion herein, and the motion will therefore be overruled.