## B. H. SNODGRASS V. THE STATE.

No. 22906. Delivered June 14, 1944.

The opinion states the case.

*Aubrey Davee,* of Brady, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for "procuring" under Art. 525 P. C. (1925), and punishment assessed at a fine of $100.00 and 60 days in jail.

The statute referred to in so far as applicable here reads as follows "Whoever shall invite, solicit, procure, allure or use any means in alluring or procuring any female to visit and be at any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, or to take part or in any way participate in any immoral conduct with men or women, * * * shall be fined not less than fifty nor more than two hundred dollars and be confined in jail not less than one nor more than six months."

The information, omitting formal parts, alleges that appellant: "* * * did then and there unlawfully, participate in the immoral conduct between C. W. Parker and Mable Watkins by taking the said C. W. Parker to the said Mable Watkins and transporting both the said C. W. Parker and the said Mable Watkins to Richard Park for the purpose of engaging in Immoral conduct and did then and there bring about and procure unlawful *sexial* intercourse between the said C. W. Parker and said Mable Watkins. * * *"

Appellant moved to quash the information on the ground that it charged no offense. He calls attention to the misspelling of the word "sexual." Under Art. 412 C. C. P. and authorities cited in Note 3, Vernon's Tex. C. C. P., Vol. 1, the error in spelling was not fatal. See also Graham v. State, 119 Tex. Cr. R. 14, 46 S. W. (2d) 709; Jones v. State, 124 Tex. Cr. R. 355, 61 S. W. (2d) 1003.

The serious question regarding the information and complaint is that nowhere therein appears an averment that one of the parties involved in the immoral conduct was a "female" and the other a "male." If resort to the evidence could be had to supplement the State's pleading the defect could be remedied, but this cannot be done. The complaint and information must stand or fall upon their own averments. Authorities cited under Wilson's Tex. Cr. Forms, No. 257, and the form there suggested as well as under Art. 519 P. C. for "pandering" will be sufficient guide for the pleading if further prosecution is pursued.

The judgment is reversed and the prosecution ordered dismissed.