**Michael Gregory TODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55607.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 24, 1979.

Marian S. Rosen and Clyde W. Woody, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Henry K. Oncken, Asst. Dist. Attys., Houston, for the State.

OPINION

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

DOUGLAS, Judge.

Michael Gregory Todd appeals from his conviction for the offense of aggravated robbery. Punishment was assessed by the court at sixty years.

At approximately 11:45 p. m. on the evening of August 17, 1975, Charles and Carrie Mize and their son, Skipper Mize, were awakened when their doorbell was rung by a man claiming to have a summons for Mr. Mize. The complainant opened the front door to find three men in masks on his front porch. One of the men in a panty-hose mask, later identified as the appellant, grabbed the complainant, placed a gun to his temple and threatened to kill him if he did not co-operate. The complainant was directed to proceed to the master bedroom where he and his family were tied, had their heads covered with pillowcases and were forced to lie face down on the bed. Thereafter, the complainant, a wholesale jewelry salesman, was told by appellant to

reveal the location of all jewelry and valuables in the house. In the course of the robbery, appellant and his co-defendants stole some $100,000 worth of sample diamond and gem-set jewelry, $40,000 worth of personal jewelry, fifty silver dollars and a 1973 Oldsmobile, all of which belonged to the complainant.

On Thursday, August 21, 1975, a police lineup was conducted at which Charles, Carrie and Skipper Mize all identified appellant, by appearance and voice, as one of the men who had robbed them the previous Sunday.

Seth Ricklin, the complainants' neighbor, testified that an hour and a half before the robbery he saw three men in an unfamiliar car drive past the complainants' house. Ricklin identified co-defendant Steven Clements as the driver and appellant as the man sitting next to Clements. Leslie Hagedorn, another neighbor, testified that at around 10:30 on the night of the robbery she saw three men in their late twenties walking past the complainants' house. She identified appellant as having been one of the men.

Arresting officer Sam Nuchia testified that on the basis of Seth Ricklin's photographic identification of the appellant he obtained a warrant for his arrest. With the assistance of six other patrolmen and a police helicopter, a "stakeout" was conducted at appellant's home. Upon leaving his house, Todd was followed by officers to a trailer belonging to Steven Clements. From there, officers pursued Todd and Clements to an apartment shared by co-defendant Howard Pope and Janet Womack. The four were followed to the Great Southern Bank in Houston and from there to the Pope apartment. A knock on the apartment door elicited no response. Officers entered the unlocked apartment and found appellant, Steven Clements and Howard Pope standing at a table on top of which lay a blue box of jewelry identified as that belonging to the complainants.

Co-defendant Howard Pope testified that he had committed the offense with Michael Todd and Steven Clements; that the robbery had been solicited by pawn shop owner Nukie Fontenot in exchange for $5,000 to be split between the co-defendants; and that following the robbery, some of the jewelry was taken to the Great Southern Bank and stored in Janet Womack's safety deposit box. He further testified that he, the co-defendants and Janet Womack had withdrawn the jewelry from the lockbox at the bank immediately prior to their arrest.

Lillie Todd, mother of appellant, and Judy Todd, wife of appellant, both testified that appellant was with them at the ranch of Mr. and Mrs. Carl Scoggins the weekend of the robbery; that appellant had attended a rodeo in Richland Springs with Judy, had camped out with her on the ranch property on Saturday night and had returned to the ranch house with Judy after dusk on Sunday. They further stated that appellant was on the road to Houston with them at the time of the robbery.

Appellant advances fourteen grounds of error for our consideration. We need not reach each of these contentions. Appellant asserts that the court's charge constituted a fatal variance between the indictment and the evidence offered and that such error is fundamental requiring reversal notwithstanding appellant's failure to timely object at trial. Upon these grounds the conviction is reversed.

Each of the three counts of the instant indictment charged the offense of robbery as defined by V.T.C.A., Penal Code, Section 29.02(a)(2). Each count further alleged aggravation by virtue of appellant's having

"[i]ntentionally and knowingly threaten[ed] and place[d] the Complainant in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely, a pistol."

The indictment, therefore, alleged the offense of aggravated robbery under Penal Code Section 29.03(a)(2).

The portion of the charge to which appellant objects instructed the jury on an alternative theory of aggravation. The court charged the jury that it should find appellant guilty of aggravated robbery if, in the course of robbery, appellant

"*caused serious bodily injury to Charles Mize* or the defendant used or exhibited a deadly weapon, to-wit, a pistol . . ." (emphasis supplied).

No evidence was adduced at trial to show that appellant caused serious bodily injury to Charles Mize. The jury was nevertheless charged on the law of aggravated robbery "by using or exhibiting a deadly weapon" under Section 29.03(a)(2) *and* aggravated robbery "with serious bodily injury" under Section 29.03(a)(1).

For the court to charge the jury on both theories of aggravated robbery when the evidence supported only a charge on aggravation "by using or exhibiting a deadly weapon" was error. *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976); *Reid v. State,* 560 S.W.2d 99 (1978); *Mauldin v. State,* 463 S.W.2d 10 (Tex.Cr.App.1971).

Moreover, appellant correctly argues that by this charge the trial court authorized the jury to render a guilty verdict under every conceivable theory of aggravation rather than limiting its charge to the theory of aggravation alleged in the indictment. The charge of aggravation in the instant case is virtually identical to those given in the recent cases of *Johnson v. State,* 573 S.W.2d 778 (Tex.Cr.App.1978); *Cleland v. State,* 575 S.W.2d 296 (Tex.Cr.App.1978); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); and *Robinson v. State,* 553 S.W.2d 371 (Tex. Cr.App.1977). In *Johnson, Davis* and *Robinson,* as in the present case, the indictments charged the offense of aggravated robbery by using and exhibiting a deadly weapon under Penal Code Section 29.-03(a)(2). The juries were charged not only on the theory of aggravation alleged in the indictment but also on aggravation "with serious bodily injury" under Section 29.-03(a)(1). In *Cleland,* the converse situation was presented, the defendant having been indicated only for aggravated robbery with bodily injury and the jury having been charged on both the "bodily injury" and "deadly weapon" theories of aggravation. In each case, this Court has held that it was error for the trial court to charge on each conceivable theory of aggravated robbery rather than limiting the charge to the theory of aggravation alleged in the indictment. In each case the charge was held to be fundamentally defective.[1]

Following the holdings in the foregoing cases, the judgment is reversed and the cause is remanded.

---

1. The writer does not agree with the cases cited as fundamental error because error in each case was harmless. In the present case there was no serious bodily injury shown by the evidence. There was no way that the jury could have been misled or the appellant injured by the charge, but the majority of the Court has previously held otherwise. All of the above cases should be overruled. See the dissenting opinion on motion for rehearing in *Cleland v. State,* 575 S.W.2d 296 (Tex.Cr.App. 1978).