James Elbert LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 56469.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 7, 1979.

John W. Cliff, Jr., Odessa, for appellant.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery in which punishment was assessed at 25 years.

At the outset we observe fundamental error that requires reversal in the interest of justice. Art. 40.09(13), V.A.C.C.P. The jury charge authorized conviction on a theory not alleged in the indictment, and this type of error is fundamental. Art. 36.19, V.A.C.C.P.

The indictment alleged, inter alia, that appellant committed aggravated robbery by using and exhibiting a handgun and by *placing* the complaining witness in fear of imminent bodily injury and death. The jury charge, in contrast, authorized a conviction if appellant either *threatened* or placed the complaining witness in fear of imminent bodily injury or death. This constituted an enlargement upon the allegations in the indictment since it authorized the jury to convict appellant upon finding facts that had not been alleged. See, V.T.C.A., Penal Code Sec. 29.02(a)(2). It is now well established that such error is fundamental. E. g., *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Jones v. State*, Tex.Cr.App., 566 S.W.2d 939. It is essential that trial judges take note of the allegations in the indictment when drafting the portion of the jury charge that applies the law to the facts of the case if such errors as this are to be avoided.

The judgment is reversed and the cause remanded.