**Benny C. SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63398.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 19, 1980.

Rehearing Denied June 18, 1980.

Theodore F. Schiwetz, Jr., court appointed, Columbus, for appellant.

Houston C. Munson, Jr., Dist. Atty. and Paul Finley, Asst. Dist. Atty., Gonzales, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape in which punishment was assessed at 99 years.

▪ At the outset we note fundamental error that requires reversal in the interest of justice. Art. 40.09(13), V.A.C.C.P. The jury charge authorized conviction on a theory not alleged in the indictment. This type of error is fundamental. Art. 36.19, V.A.C.C.P.

■ The indictment alleged, inter alia, that appellant committed aggravated rape by compelling the prosecutrix to submit to sexual intercourse by *threat of death* to be imminently inflicted on her. The jury charge, in contrast, authorized a conviction if appellant compelled submission to the rape either by threat of death or *serious bodily injury* to be imminently inflicted on her. This constituted an enlargement upon the allegations in the indictment since it authorized the jury to convict appellant upon finding facts that had not been alleged. See V.T.C.A., Penal Code Sec. 21.-03(a)(2). See and compare *Lee v. State*, Tex.Cr.App., 577 S.W.2d 736.

The judgment is reversed and the cause remanded.

Before the court en banc.

## ON DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

DOUGLAS, Judge, dissenting.

In *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976), this Court affirmed a conviction for robbery where the court's instruction, in addition to presenting the theory alleged in the indictment, that the appellant had knowingly and intentionally placed the complainant in fear of imminent bodily injury and death, presented the alternative theory that appellant had culpably caused bodily injury to the complainant.

The Court relied in *Williams* upon the appellant's failure to object at trial and upon the unlikelihood of the jury's having been confused:

"We must determine whether this erroneous instruction was fatally defective in the circumstances here presented. See Article 36.19, V.A.C.C.P., which provides:

" 'Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.-15, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.'

"At the time of trial there was no objection to the charge on the grounds now urged and no specially requested charge was presented to the court. See Articles 36.14 and 36.15, V.A.C.C.P. Furthermore, it is highly unlikely that the jury was confused or misled because there was no evidence that the complainant received any bodily injury. . . ."

The instant case presents the same factors. No objection was made to the charge. No testimony raised the inference that any threat of bodily harm less than death was made, and the complainant testified at least five different times that appellant had threatened her with death:

"A. He said—He told me to get out of the car, made sure that I saw the knife. He said if I did anything he would kill me and to do exactly what he said. He made me walk around to the passenger side of the car. Then I realized how big he was, and that he still had the knife at my throat. He still had me by the hair. He was real strong, you know, he was hurting my neck and stuff.

And he just said, 'Do exactly as I tell you or I will kill you'.

" * * *

"A. I told him that he was hurting me and stuff like that, and so he decided to rape me from the front. And I started to cry a little bit, and he said, 'If you are crying that means you are scared and you are going to tell somebody, and I am going to kill you'.

" * * *

"A. My car wouldn't start. He got pretty mad. He started stuttering and said, 'You pretty (sic) get this thing started or I am going to kill you'.

"    *    *    *

"A.   .   .   .  He had the knife in his hand. He had me by the hair. And he made me promise over and over and over again that I wouldn't tell anybody. He told me he would kill me if I did.   .   .   .

"MR. BAKER: I apologize if I insulted you some way, but I was curious why you didn't call the Columbus police.

"THE WITNESS: This man, who is a lot taller than I am and a lot bigger, told me that he would kill me if I turned around and went to Houston. I had no idea what his car looked like. I was scared to death. I wasn't about to stop. That town was pitch black. There wasn't a store opened. If I had seen a cop, I would have stopped. I drove into town at seventy miles an hour hoping that a cop would stop me. But they didn't. I had no idea where he might be, what his car looked like. I wasn't going to stop and have it happen again. He said he would kill me. The only thing I wanted to do was go somewhere where I could be safe, so I went to Houston to my parents house without stopping."

There was no likelihood that the jury was confused by the instruction's inclusion of threats of bodily harm less than death. The only threats testified to having been threats of death, the jury clearly found that threats of death had been made.

We should find, consistent with the mandate of Article 36.19, V.A.C.C.P., that the error was not such that it was calculated to injure the rights of appellant or to deprive him of a fair trial. When the Legislature provides that cases should not be reversed unless there was harmful error, that statute should be followed.

It is past time for this Court to turn away from the automatic application of "fundamental charge error" without the requirement, in lieu of proper objection, of a showing of harm to the appellant, which allows defense counsel to "sandbag" the trial court by withholding objection to errors in the charge, and to return to the sound reasoning of *Williams v. State*, supra, and the unequivocal mandate of Article 36.19. See *Cleland v. State*, 575 S.W.2d 296 (Tex.Cr. App.1979) (dissenting opinion on State's motion for rehearing); *McNiel v. State*, 599 S.W.2d 328 (1980) (dissenting opinion on State's motion for rehearing).