Augustine Junior BLANCO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0504–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 29, 1982.

Darryl McAlexander, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before DOYLE, DUGGAN and DYESS, JJ.

## OPINION

DOYLE, Justice.

The appellant was convicted of aggravated rape and assessed a punishment of five years confinement.

In grounds of error one and two the appellant contends that the trial court committed fundamental error in charging the jury on a theory not alleged in the indictment, and by such charge, authorized the jury to convict the appellant of aggravated rape on only a showing of rape.

The indictment charged the appellant as follows:

... that in Harris County, Texas AUGUSTINE JUNIOR BLANCO, hereafter styled the Defendant, heretofore on or about August 11, 1980, did then and there unlawfully, intentionally and; knowingly by force and by threatening the imminent infliction of serious bodily injury and death to LINDA CATALINA SALDANA, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant.

However, the court charged the jury as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about the 11th day of August, A.D. 1980, in the County of Harris and State of Texas, the defendant, Augustine Junior Blanco, either acting alone or with Juan Rivera Roman as a party, as that term is hereinbefore defined, *did then and there intentionally or knowing by force, that overcame such earnest resistance that might reasonably have been expected under the circumstances,* compel Linda Catalina Saladana, a female not the wife of Juan Rivera Roman, to submit to or participate in sexual intercourse with Juan Rivera Roman, without her consent; or the said Augustine Junior Blanco did then and there intentionally or knowingly by threatening imminent infliction of serious bodily injury and death, that would prevent resistance by a woman or ordinary resolution, compel Linda Catalina Saldana, a female not the wife of Juan Rivera Roman, to submit to or participate in sexual intercourse with Juan Rivera Roman, without her consent, you will find the defendant Augustine Junior Blanco, guilty of the offense of aggravated rape and so say by your verdict; but if you do not so find, or if you have a reasonable doubt thereof you will acquit the defendant, Augustine Junior Blanco and say by your verdict "not guilty." (Emphasis ours)

The charge enlarges upon the allegations in the indictment and authorizes the jury to

convict the appellant upon a finding of facts that had not been alleged in the indictment. The appellant is not charged for any offense committed by Juan Rivera Roman. Although no objection was made nor any special charge offered, such enlargement in the charge constitutes fundamental error. *Lowry v. State,* 579 S.W.2d 477 (Tex.Cr.App.1979), *Clements v. State,* 576 S.W.2d 390 (Tex.Cr.App.1979), *Todd v. State,* 576 S.W.2d 636 (Tex.Cr.App.1979); *Scott v. State,* 599 S.W.2d 618 (Tex.Cr.App. 1980). The first part of the paragraph authorized the jury to convict on aggravated rape under Article 21.03(a)(2) V.T.C.A. Penal Code if they found only the elements of rape as set out in article 21.02(b) V.T.C.A. Penal Code, and for which the appellant was not indicted. The second part authorized conviction under art. 21.03. Such a charge is fundamentally defective, even though no objection was made nor any special charge offered. Further, to authorize a conviction of aggravated rape on the finding on elements of rape only, is fundamental error. *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981).

Under the Court of Criminal Appeals' holdings in *Garcia v. State,* 574 S.W.2d 133, (Tex.Cr.App.1981), *Young v. State,* 605 S.W.2d 550, (Tex.Cr.App.1979) and *Fella v. State,* 573 S.W.2d 548 (Tex.Cr.App.1978), the erroneous charge constitutes fundamental error of a nature that requires reversal, because it authorized the jury to convict the appellant if the jury was convinced that the State had proved its case as to rape only. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979).

In its brief the State acknowledges that the great weight of authority supports the appellant's contention as to grounds one and two, but asks this court to consider the dissenting rationale set forth in *Gooden v. State,* 576 S.W.2d 382, 383 (Tex.Cr.App. 1979). It occurs to us that patterned correct charges on offenses as common as aggravated rapes and robberies could be fashioned for the guidance of trial judges. In the meantime, we are required to follow the majority and hold the charging error to be fundamental and reversible.

The appellant's grounds of error one and two are sustained and the remaining grounds need not be considered.

The judgment of the trial court is reversed and the cause remanded.