**Alfredo C. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 244–82.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Robert Garza, Brownsville, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

In its decision the appellate court for the Thirteenth Supreme Judicial District found fundamental error between the indictment and the jury charge. The jury charge on aggravated robbery permitted conviction on a theory not alleged in the indictment. This is analogous to *Lee v. State,* 577 S.W.2d 736 and *Cumbie v. State,* 578 S.W.2d 732.

### I.

In this case the indictment alleged appellant *exhibited* a gun while the charge allowed conviction if appellant *used or* exhibited a gun. Just as one may exhibit a gun without using it, one may use a gun without exhibiting it. By providing "use or exhibit" in V.T.C.A., Penal Code Sec. 29.-03(a)(2) the legislature obviously intended that both words be given effect; to hold one is wholly encompassed by the other would be to deny that legislative purpose. By allowing the jury to convict if appellant *used or* exhibited a gun, the court authorized conviction on a theory not alleged in the indictment. This constituted fundamental error. *Lee* and *Cumbie,* supra.

### II.

Furthermore, the charge in this case also presents fundamental error for failure to submit either "in the course of committing theft" or the elements of theft in its application of the law to the facts. *Evans v. State,* 606 S.W.2d 880.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., joins in part II only.

CLINTON, Judge, dissenting.

The application paragraph in the charge of the court requires the jury to find every essential element of aggravated robbery— in my view of the matter. See my dissenting opinion in *Hill v. State,* 640 S.W.2d 879 (Tex.Cr.App., 1982). Accordingly, I do not agree that there is fundamental error in the aspect mentioned in the penultimate paragraph of the majority opinion. Having said that, I now turn to the issue on which review was granted.

*Robinson v. State,* 553 S.W.2d 371 (Tex. Cr.App.1977) seems to be the first opinion of the Court finding fundamental error in a charge to a jury in an aggravated robbery case under the new penal code. There "the charge authorized a conviction under every conceivable theory under V.T.C.A. Penal Code, § 29.02 and § 29.03, rather than limiting it to the theory alleged in the indictment," *id.,* at 374, 375. The problem presented by the case at bar is a miniature of *Robinson* and its progeny, and the Court of Appeals resolved it by resorting primarily to *Lee v. State,* 577 S.W.2d 736 (Tex.Cr. App.1979). The majority of this Court finds that a defect in this charge is analogous to *Lee v. State,* supra, and affirms the judgment of the court below.

The Court of Appeals declined to engage in "semantical theorizations" about when a firearm may be "used" but not "exhibited," and though the Legislature has not defined either term the court was satisfied that it intended a distinction that the court should neither ignore nor dismiss as inconsequential. Similarly, the majority rationalizes that "to hold one is wholly encompassed by the other would be to deny that legislative purpose." The consensus then is that the Legislature intended each word to have its own meaning and, therefore, the theory of the prosecution that appellant exhibited a deadly weapon is expanded impermissibly by allowing a jury to find he either used or exhibited it. *Ergo,* fundamental error in the charge of the trial court.

For his part the State Prosecuting Attorney poses the issue: "Can a robber use a gun without exhibiting the gun?" To answer the question the State proceeds "to conjure up a set of facts where a gun can be used in a robbery without being exhibited," and comes up with at least four.

Neither the consensus of judges nor the conjectures of our State Prosecuting Attor-

ney persuades the writer. And particularly do I disassociate the position about to be developed *post* from the outcries of my dissenting Brother. See again my dissenting opinion in *Hill v. State,* supra.

Though the other opinions in this cause do not spell it out, the principle that a charge authorizing a jury to convict on a set of circumstances must conform to allegations in the indictment flows from constitutional due process demands that an accused be given notice of that with which he is charged and against which he is called on to defend. *Sattiewhite v. State,* 600 S.W.2d 277, 284–285 (Tex.Cr.App.1980); *Robinson v. State,* 596 S.W.2d 130, 132–133 (Tex.Cr. App.1980). In my judgment, notice to appellant that the State expected to prove that he displayed a deadly weapon in threatening or placing the named victim in fear of imminent bodily injury or death was not rendered defective by the inclusion of "used or" in the application paragraph of the charge to the jury. The theory alleged in the indictment was not radically changed, if at all.

Given that it must be in the course of committing theft, with requisite specific intent and appropriate culpable mental state, robbery is effectuated when one either "causes bodily injury to another" or, as alleged here, "threatens or places another in fear of imminent bodily injury or death," V.T.C.A. Penal Code, § 29.02(a)(1) and (2). Stated more simply, the offender injures or threatens to injure another, usually the victim.

Features that aggravate ordinary robbery are produced if the offender either "causes *serious* bodily injury to another" or "uses or exhibits a *deadly weapon,*" *id.,* § 29.03(a)(1) and (2).[1] Thus, there is a sort of parallelism at work: one who injures aggravates the robbery when a serious injury is inflicted, and one who threatens to injure enhances the threat when a deadly weapon is involved.

1. All emphasis is mine unless otherwise indicated.

2. The legislative scheme under the former penal code was essentially the same. Thus, the second clause of Article 1408, P.C. 1925, pro-

Again, we are here addressing the latter situation, and only narrowly in context of a court's charge.

If germane portions of §§ 29.02(a)(2) and 29.03(a)(2) are strung together they mean that aggravated robbery is committed when one threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon in the doing. Thus, the legislative concern was to denounce more harshly the threat or engendered fear of imminent bodily injury or death that was "backed up" with a deadly weapon—whether by use or exhibition. Either way, according to the Legislature, the result is aggravated robbery, and the offense is a felony of the first degree.[2] So whether a deadly weapon is used or exhibited is of little moment, so long as its presence is indicated while the robber threatens or places another in fear of imminent bodily injury or death. The essential element of aggravation rests in presence of the deadly weapon that merely incidentally is either used or exhibited.

That is especially true, it seems to me, when one undertakes to find a different meaning for each word, assuming as the consensus of judges does that the Legislature so intended. Yet, none but the parties has endeavored to define the words, and each practically admits the difficulty in doing so.

The Legislature has provided in the Code Construction Act, Article 5429b–2, V.A.C.S., that which reviewing courts have generally done in practice, *viz:*

"Sec. 2.01. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

vided: "and when a firearm or other deadly weapon is *used or exhibited* in the commission of the offense, the punishment shall be death or by confinement ... for any term not less than five years."

All seem to agree that neither "used" nor "exhibited" has acquired a technical meaning, so we need not tarry over the second sentence in § 2.01. But when we come to read the words in context and to construe them according to their respective common usage, I submit "use" and "exhibit" are commonly interchanged, along with "draw," "produce," "display," "present," and "point," among other words in speaking of revealing the presence of a deadly weapon.

Rather than opine that the Legislature "obviously intended that both words be given effect," the more likely conclusion is that it simply took the term from the clause in former Article 1408, supra, quoted in note 2 *ante.* My own research has not turned up any decision of the Court during all the time Article 1408 and its predecessors were in effect that may reasonably be considered precedent for the conclusion reached by the majority today. To the contrary, like the populace generally, judges seemed to have used the words disjunctively, conjunctively as one act or interchangeably. See, e.g., *Busby v. State,* 143 Tex.Cr.R. 72, 157 S.W.2d 394 (1941), from which a pattern jury charge for robbery with firearms was taken, 5 Branch's Annotated Penal Code (2nd Ed.) § 2603.3, p. 40–42; *Cain v. State,* 136 Tex.Cr.R. 275, 124 S.W.2d 991, 994, 995 (1938); *Coker v. State,* 71 Tex.Cr.R. 504, 160 S.W. 366, 367 (1913).

I respectfully dissent.

McCORMICK, Judge, dissenting.

The majority chooses to affirm the judgment of the Court of Appeals because the charge authorized a conviction "on a theory not alleged in the indictment." The "theory" alleged in the indictment was that appellant *exhibited* a firearm. By holding that the charge is fundamentally erroneous, the majority is declaring that under no circumstances can the terms "use" and "exhibit" be synonomous. To this absurdity I must dissent.

As noted in the majority opinion, this Court has held in many cases that, where the jury charge authorizes a conviction on a theory not alleged in the indictment, funda-mental error exists. Today's holding goes a step further, and the rule has been perverted to read: "Where the jury charge authorizes a conviction on *words* not alleged in the indictment, fundamental error exists." Since the terms "use" and "exhibit" are not mutually exclusive, and can connote the same set of facts, the addition of the term "use" to the jury's charge in the instant case cannot rise to the level of fundamental error, even when considered in light of this Court's many recent expansions of the doctrine.

If ever there was a situation where Articles 36.14 and 36.15, V.A.C.C.P., must be complied with, this is it. Since "use" and "exhibit" can be used interchangeably in some circumstances, it was incumbent on the appellant to object if he felt their use in the present case would in any manner be prejudicial or harmful to his case. Further, the majority is telling us that in the instant case harm is being presumed when in truth and fact the charge as given could only have placed a more onerous burden on the State.

When this Court chooses to declare a charge to be fundamentally erroneous, it has a duty to set forth with clarity exactly how the appellant has been harmed, and not summarily recite trite expressions of general principles of law without indicating why the particular conclusion has been reached.

Finally, today's decision serves as a judicial repeal of Article 36.19, V.A.C.C.P., which heretofore provided that a judgment would not be reversed unless the error appearing from the record was calculated to injure the rights of a defendant. To this violation of Article 2, Section 1 of our Texas Constitution, I must also vigorously dissent.

Continuing to adhere to my belief that *Evans v. State,* 606 S.W.2d 880 (Tex.Cr. App.1980), should be overruled, I likewise dissent to the second portion of the majority's opinion.

DALLY and W.C. DAVIS, JJ., join in this dissent.