**Don Francis JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0048–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 14, 1985.

Chester L. Thornton, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Doug Davis, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of aggravated rape, and the court assessed his punishment at 60 years confinement. In four grounds of error, appellant contends on appeal that the trial court erred in its instructions to the jury, that the indictment was fundamentally defective, and that the evidence was insufficient to support findings either that appellant was a party to the offense or that the offense was aggravated. We affirm.

The complainant testified at trial that at about 8·30 p.m., on April 14, 1983, she drove into a service station because of problems with her car. No mechanic was on duty, but appellant and Doug Ancell were standing at the station and attempted to work on the car. The two men told the

complainant they had a mechanic friend who lived nearby, but who could not come to the service station because his tool box was too heavy to carry. Complainant tried to contact her husband, but having no success, reluctantly allowed appellant and Ancell to push her car to a nearby motel where the mechanic was supposed to live. At the motel, the complainant, appellant, and Ancell were joined by a third man, Glenn Simmons. Appellant and Ancell knocked on a door, which was opened by a man who appeared not to know them. After a brief conversation, that man (who later phoned the police) shut his door, leaving the others outside. Complainant wished to return to the service station, but the men persuaded her to wait, promising they would push the car back to the station as soon as they smoked a marijuana cigarette. Ancell opened the door to a room and went inside to smoke his cigarette. The complainant had become uneasy, but was less afraid of Ancell than of the other two, and wanted to stay nearer to him. She stood in the doorway of the motel room. Suddenly, the door was slammed shut, and she found herself inside the motel room with Ancell, Simmons, and appellant.

As the door was locked, Ancell turned up the stereo, and appellant turned out the lights. All three men grabbed the complainant and dragged her to the bed. Simmons unfastened her jeans, which appellant pulled down to her knees while Ancell held her arms and shoulders.

All three men removed their clothes, and Simmons first raped the complainant while Ancell and appellant held her down. Ancell then raped her while appellant and Simmons fought. The complainant thought they were fighting over who would rape her next, although appellant testified that he was fighting to protect her. During the whole episode, the complainant fought, screamed, cried, and tried to talk the men into leaving her alone. After Ancell raped her, Simmons raped her a second time. During a moment of the men's relaxed attention, the complainant crawled to

the door and unlocked and opened it; the fastened chain lock kept her from getting out. Appellant and Simmons stopped her and dragged her back to the bed. Appellant and Ancell then held her while Simmons raped her anally. Because of her pain, she screamed so loudly that one of the men—she was unable to tell which one—forcefully put a pillow over her face. She testified that she could not breathe and thought she was going to die, but managed to avoid suffocation by turning her head to one side. One of the men then raped her again, but she did not know which one did it this time.

Throughout the episode, the men made oral threats to her every time she screamed. Her five-year-old daughter was with her when she drove into the service station, but she had left the child with the female service station attendant before allowing the men to push her car away. During the rapes, the complainant worried about her little girl and mentioned her several times. The men said not to worry about the little girl and told her to shut up or she would not see the child again anyway. All three men were talking, and the complainant did not remember which one made this threat.

As far as the complainant knew, the appellant was the last of the three men to rape her. When she asked him how he would like it if this was happening to his mother or sister, appellant began to cry and stopped raping her. Appellant helped her into the bathroom where she told him that she would not tell anyone about the rapes. Appellant then walked her out of the motel room to her car. Appellant and Ancell pushed the car back to the service station.

A short time later that evening, the complainant told the police that appellant did other things to her, but did not rape her. At trial, she testified that she told this lie because she felt that she owed appellant something for her life. The day after the

offense, the complainant told the police that all three men raped her.

■ By his second ground of error, appellant contends that the evidence was insufficient to support a finding that he was a party to the offense, because (1) the complainant's testimony at trial was in conflict with the statements she gave the police shortly after the offense, and (2) appellant's own unrefuted testimony at trial was that he fought with Simmons to make Simmons leave the complainant alone.

> It is well settled that when the sufficiency of the evidence is challenged, the evidence is to be viewed in the light most favorable to the verdict. The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony.

*Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

The complainant testified that appellant fought with Simmons twice, but she did not know what they fought about. At trial, she explained the reason for her original conflicting statement to the police that appellant did not rape her, and she gave direct testimony that appellant did rape her. The evidence is sufficient to show that appellant was a party to the offense. Appellant's second ground of error is overruled.

■ Appellant urges by his third ground of error that the evidence was insufficient to support a finding that the offense was aggravated. Former Tex.Penal Code Ann. sec. 21.03(a)(2) [1], in effect at the time of the offense, provided that a rape is aggravated if the offender, "by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Appellant argues that where no weapons were used, and the complainant was not mistreated to

1. Ch. 202, sec. 1, 1981 Tex.Gen.Laws 471, *repealed by* Ch. 977, sec. 12, 1983 Tex.Gen.Laws 5311, 5321.

the extent that serious bodily injury might have resulted, and no verbal or written threats of such nature were communicated, a conviction for aggravated rape cannot stand. Appellant overlooks the verbal threat made to the complainant when one of her attackers told her not to worry about her little girl and to shut up or she would not see her little girl anyway. This statement, combined with the forceful application of the pillow so that the complainant was suffocating, was sufficient to constitute placing the victim in fear of death by acts and words.

■ Whether appellant or one of the other two men spoke the words or applied the pillow is irrelevant. Appellant is criminally responsible under the law of parties for aggravating acts performed by Simmons or Ancell because the evidence is sufficient to find that appellant intended to assist the commission of the offense and did aid in its commission. *See* Tex.Penal Code Ann. sec. 7.02(a)(2) (Vernon 1974). Appellant's third ground of error is overruled.

■ Appellant contends in his first ground of error that the trial court erred in its instruction to the jury regarding the way appellant could place the complainant in fear of death or serious bodily injury. He points out that the instruction allowed the jury to find him guilty of aggravated rape if "by acts, words or deeds," he placed the complainant in fear of death or serious bodily injury to be imminently inflicted on her. Appellant alleges that this language expands the manner in which one may place another in fear of death or serious bodily injury.

Appellant correctly notes that Tex.Penal Code Ann. sec. 22.021 (Vernon Supp.1985) does not apply to his case, because that section regarding "aggravated sexual assault" was not effective until September 1, 1983, and this offense was committed April 14, 1982. Appellant quotes a pre-amendment version of former Texas Penal Code sec. 21.03 to show that the words, "by acts, words or deeds," do not appear. Section 21.03 was repealed at the same time section 22.021 was enacted. Prior to repeal, how-

ever, section 21.03 was amended effective September 1, 1981, and the version in effect when the present offense was committed read:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code ... and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone; or

(3) by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone; or

(4) uses or exhibits a deadly weapon in the course of the same criminal episode; or

(5) the victim is younger than 14 years.

Ch. 202, sec. 1, 1981 Tex.Gen. Laws 471, *repealed by* Ch. 977, sec. 12, 1983 Tex.Gen. Laws 5311, 5321. The charge tracked the words of the statute and was not defective. Appellant's first ground of error is overruled.

■ Appellant contends in his fourth ground of error that the indictment was fundamentally defective in that it alleged elements of an offense that did not exist at the time of the commission of the offense. Appellant uses an argument similar to his jury charge argument in the first ground of error, again using the wrong version of section 21.03. The indictment tracks the words of the correct version set out above, except for the use of "immediately" in place of "imminently." Although not set out in a separate ground of error, appellant also complains that the charge to the jury does not track the indictment, and is fundamentally defective because the jury charge uses the word "imminently" instead of "immediately" as used in the indictment.

■ Appellant cites *Scott v. State*, 599 S.W.2d 618 (Tex.Crim.App.1980), for the

proposition that there is fundamental error in the substitution of "imminently" for "immediately" in a jury charge. We disagree. First, *Scott* has been modified by *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984) (en banc). *See Bonfanti v. State*, 686 S.W.2d 149, 152 (Tex.Crim.App.1985) (en banc). Second, use of the word "immediately" in *Scott* occurs only in the publisher's headnote preceding the opinion, not in the opinion itself. Third, the fundamental error found in *Scott* was in the addition to the jury charge of the words "or serious bodily injury."

"Immediately" means "without interval of time; straightway." Websters Ninth New Collegiate Dictionary 601 (1984). "Imminent" means "ready to take place; esp: hanging threateningly over one's head." *Id.* at 602. "Imminently" is the adverb form. Either "imminently" or "immediately," when used to describe how soon a threatened action may take place, means action that may occur without delay after the present moment. We conclude that in the context of this indictment and jury charge, the two words are interchangeable.

The indictment in the present case is not fundamentally defective for using a word different from that used in the penal code. The jury charge is not fundamentally defective for using the word set out in the penal code instead of the word used in the indictment. Appellant's fourth ground of error is overruled.

The judgment is affirmed.