Reversed and Acquitted and Memorandum Opinion filed November 17, 2005









Reversed and Acquitted and Memorandum Opinion filed November 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00533-CR

____________

 

LORETTA CARRIER
BOXIE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 2 and Probate Court

Brazoria County, Texas

Trial Court Cause No. 130507

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Loretta Carrier Boxie, appeals
her jury conviction of interference with an emergency telephone call.  The trial judge assessed punishment at sixty
days= confinement in
the county jail (suspended), twelve months= probation
(including anger management classes), and a $100.00 fine.  Appellant challenges the legal and factual
sufficiency of the evidence supporting her conviction.  We reverse and acquit.








On August 11, 2003, appellant visited her
local Big Lots store in Pearland, Texas. 
She was the sole customer in line when she purchased an air freshener
and baby wipes, totaling $5.36. 
Appellant handed a $20.00 bill and Amaybe@ forty cents to
the complainant who was working as a cashier, and received two cents in
change.  When the deficiency was brought
to the complainant=s attention, the complainant informed
appellant of a store policy that she must count all of the money in her
register to determine if there is a shortage. 
During this process, appellant became angry, cursed at the complainant,
demanded her money back, and hit the counter Areally, really,
really hard@ two times.  The complainant, afraid appellant would hit her,
picked up the phone and told appellant she was calling the police.  Instead of allowing the complainant to place
the call, appellant Agrabbed@ the phone from
the complainant=s hand, Aslammed@ it down, and said
she was not going to call Ano damn body.@  The complainant again picked up the phone
and, again, appellant grabbed it away from her. 
On the complainant=s third attempt, appellant did not
interfere, and the complainant called 9-1-1. 
The police arrived, spoke with the complainant for a few minutes, and
then arrested appellant.  Upon leaving
jail later that evening, appellant received an envelope from the store
containing the change she was owed.

Appellant argues there is legally and
factually insufficient evidence to convict her of interference with an
emergency telephone call.  Specifically,
appellant contends there was no emergency to make such a phone call necessary.

In evaluating a legal sufficiency
challenge, we view the evidence in the light most favorable to the verdict and
determine whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.   Jackson v. Virginia, 443 U.S. 307, 319
(1979); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  We do not reevaluate the weight and
credibility of the evidence and, if any rational juror could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  Tinker v. State, 148 S.W.3d 666, 668
(Tex. App.CHouston [14th Dist.] 2004, no pet.).








Appellant=s conviction will
stand if there is sufficient evidence to show she Aknowingly
prevent[ed] or interfere[d] with another individual=s ability to place
an emergency telephone call . . . .@  Tex.
Pen. Code Ann. ' 42.062 (a) (Vernon Supp. 2004B05).  Appellant was arrested only weeks before this
statute was amended.  The pre-amendment
definition of emergency is:

a condition or circumstance in which any individual is or
is reasonably believed by the individual making a telephone call to be in imminent
danger of serious bodily injury or in which property is or is
reasonably believed by the individual making the telephone call to be in
imminent danger of damage or destruction.  

Act of May 23, 2001, 77th Leg., R.S., ch. 690, 2001
Tex. Gen. Laws 1313B14, amended by Act of May 27, 2003,
78th Leg., R.S., ch. 460, 2003 Tex. Gen. Laws 1729 and Act of April 16, 2003,
78th Leg., R.S., ch.1164, 2003 Tex. Gen. Laws 3305.  (emphasis added).[1]  ASerious bodily
injury@ is Abodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily member
or organ.@  Tex. Pen. Code Ann. ' 1.07(a)(46)
(Vernon Supp. 2004B05). 
AReasonable belief@ refers to Aa belief that
would be held by an ordinary and prudent man in the same circumstances as the
actor.@  Tex.
Pen. Code Ann. ' 1.07(a)(42).  In other words, the State had the burden of
proving that the complainant had a reasonable belief she was in imminent danger
of serious bodily injury, or that she reasonably believed property was in imminent
danger of damage or destruction.  For the
purpose of our analysis, we assume imminence was established.








The evidence shows appellant hit the
counter twice and cursed and yelled so that people in the back of the store
stopped and took notice.  She scared the
complainant and made her nervous, and the complainant said she thought
appellant might hit her.[2]  When asked to elaborate, the complainant replied
she was afraid appellant would Acause bodily
injury.@  When the complainant said she would call the
police and attempted to do so, appellant grabbed the phone away and slammed it
down, twice.  However, there is nothing
in the record before us to indicate any disparity in size between appellant and
the complainant, or that appellant had a weapon or threatened to harm or injure
the complainant.  There is no evidence
appellant ever leaned her body across the counter toward the complainant.  When viewed in a light most favorable to the
verdict, this is not legally sufficient to show a reasonable belief of
substantial risk of death, serious permanent disfigurement, or protracted loss
or impairment of the function of any bodily member or organ.[3]  This insufficiency is especially apparent
when the circumstances of appellant=s case are
compared with the severe and terrifying facts from which fear of serious bodily
injury has been found.[4]  Appellant=s tantrum does not
give rise to a reasonable belief she would inflict serious bodily
injury.








The State contends there is sufficient
evidence to support appellant=s conviction
because property at the Big Lots store was or was reasonably believed by the
complainant to be in imminent danger of damage or destruction.  Just before the complainant attempted to dial
9-1-1, the evidence shows appellant hit the counter top twice.  There is no evidence appellant=s strength or
stature could muster the force necessary to damage a wooden Big Lots counter
top.  This counter was certainly in no
danger, and no person could reasonably believe as much.  Appellant=s outburst did not
involve kicking, flailing, punching or anything else that could support a
reasonable belief that Big Lots= property would be
damaged.  Even were we to consider
appellant=s actions after the complainant
decided to call 9-1-1 (slamming the telephone receiver into its cradle), this
is not enough to show any property was in danger of being damaged; indeed, no
property was damaged.  Appellant=s legal
sufficiency issue is sustained.

Because we find the evidence legally
insufficient to support appellant=s conviction, we
need not address her factual sufficiency point of error.  The judgment is reversed and reformed to
reflect an acquittal, and the prosecution ordered dismissed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 17, 2005.

Panel consists
of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Amendments to
this code changed Aimminent danger of serious bodily injury@ to Afear of imminent assault.@ One reason behind this change is to protect family
violence victims calling for emergency assistance; this change allows peace
officers to intervene before a victim is injured.  Sen.
Comm. On Admin., Bill Analysis (engrossed ver.), Tex. H.B. 778, 78th Leg., R.S. (2003).





[2]  This evidence
would be sufficient to support a conviction under the current statute requiring
only reasonable fear of imminent assault. 
Tex. Pen. Code Ann. ' 22.01 (a) (Vernon Supp. 2004B05) (defining assault to include knowingly causing
physical contact with another when the actor knows or should reasonably believe
the other will regard that contact as offensive); TEX. PEN. CODE ANN. ' 1.07(8) (Vernon 2003) (bodily injury required for
assault results in Aphysical pain, illness, or any impairment of physical
condition@); see also Hernandez v. State, 946 S.W.2d 108,
110B12 (Tex. App.CEl Paso
1997, no pet.) (analyzing the differences between Aserious bodily injury@ and Abodily injury.@).





[3]  See Blain
v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) (finding no evidence
victim feared serious bodily injury where he testified if stabbed by
defendant=s kitchen knife he would bleed when State did not
prove size, shape, or sharpness of knife); cf. Knight v. State, 868
S.W.2d 21, 24B25 (Tex. App.CHouston
[1st Dist.] 1993, pet. ref=d) (explaining where defendant reached over counter,
pushed clerk=s hand back and went for money in the register jury
was free to find victim feared harm during robbery when she believed she saw a
gun in defendant=s waistband); McCoy v. State, 932 S.W.2d 720,
724  (Tex. App.CFort Worth 1996, pet. ref=d) (finding barely visible scar on peace officer=s mouth from assault when defendant resisted arrest
insufficient to support finding of serious bodily injury).





[4]  See Selvog
v. State, 895 S.W.2d 879, 881 (Tex. App.CTexarkana  1995, pet. ref=d)
(finding reasonable fear of serious bodily injury where defendant threatened to
kill victim, threw her to ground and twisted necklace around her throat); Dacquisto
v. State, 721 S.W.2d 603, 605 (Tex. App.CAmarillo
1986, pet. ref=d) (finding reasonable fear of serious bodily injury
when victim was young single woman living alone thrown from bed at night by
stranger, threatened and had mouth taped); Dodson v. State, 699 S.W.2d
251 (Tex. App.CTyler 1985, no pet.) (holding defendant=s acts would place reasonable person in fear of
imminent serious bodily injury when victim was choked and had difficulty
breathing); Jackson v. State, 700 S.W.2d 704, 707 (Tex. App.CHouston [1st Dist.] 1985, no pet.) (finding verbal
threat and pillow placed over victim=s head
to extent she was suffocating was sufficient to show reasonable fear of serious
bodily injury); Bank v. State, 662 S.W.2d 627, 629 (Tex. App.CHouston [14th Dist.] 1983, pet. ref=d) (finding victim in fear of serious bodily injury in
attempted aggravated sexual assault when defendant grabbed her and dragged her
into ditch).